68 F.3d 460
 76 A.F.T.R.2d 95-7129
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Wilbur P. HOLLAR; Ruth Carol Hollar, Debtors.
Wilbur P. HOLLAR; Ruth Carol Hollar, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE; United States of America,
Defendants-Appellees.
 No. 94-2329.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 7, 1995.
Decided: Oct. 17, 1995.
 
 Wilbur P. Hollar, Ruth Carol Hollar, Appellants Pro Se.
 Robert William Metzler, Gary Dexter Gray, Gary R. Allen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.
 Before MURNAGHAN, WILKINSON, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilbur P. and Ruth Carol Hollar ("the Hollars") appeal from the district court's order affirming the bankruptcy court's order allowing the proof of claim of the Internal Revenue Service. Our review of the record and the district court's opinion discloses that this portion of the appeal is without merit. Accordingly, we affirm in part on the reasoning of the district court. Hollar v. Internal Revenue Serv., No. CA-93-714-2 (M.D.N.C. Aug. 8, 1994).
 
 
 2
 The Hollars also seek review of the district court order affirming in part and vacating and remanding in part the bankruptcy court's order dismissing the Hollars' adversary proceeding. The district court remanded the proceeding to the bankruptcy court for further development of the record as to whether the Hollars had standing to recover property for the estate pursuant to 11 U.S.C.A. Secs. 522(h), 548 (West 1993). Under 28 U.S.C.A. Sec. 158(d) (West 1993), courts of appeals have jurisdiction over final orders entered by district courts in bankruptcy cases. A final decision is "generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). We have held that jurisdiction is lacking under Sec. 158(d) to review a district court's order remanding the case to the bankruptcy court, because such a decision is not a final order. See Capitol Credit Plan, Inc. v. Shaffer, 912 F.2d 749 (4th Cir.1990). We therefore grant the government's motion to dismiss and dismiss this portion of the appeal for lack of jurisdiction.*
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART
 
 
 *
 Moreover, we note that since there is no issue on appeal which could not be reviewed after further proceedings, the case is not reviewable under the collateral order doctrine. See Mitchell v. Forsyth, 472 U.S. 511 (1985)